**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WINSTON HOLLOWAY                                                                                            PLAINTIFF
ADC #67507

V.                                          NO: 5:08CV00196 WRW/HDY

ANITA WEAST *et al.*                                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

>    3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

>    Mail your objections and "Statement of Necessity" to:
>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed this complaint, pursuant to 42 U.S.C. § 1983, against Defendants, on July 17, 2008.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on November 9, 2009, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-2 (1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth

above, the undersigned makes the following findings:

1.The events giving rise to this claim began while Plaintiff was housed at the ADC's Cummins Unit.

2.Defendants are Anita Weast and Stacy Boardman, Cummins nurses; Marie Austin, director of nursing; and James Blackmon, a physician.

3.This case involves two distinct claims of allegedly inadequate medical care. Plaintiff asserts that appropriate dental care for a tooth infection was delayed in April of 2006, and that an eye hemorrhage in March of 2007 was not treated in a timely fashion.[1]

4.Plaintiff submitted a sick call for an abscessed tooth on April 17, 2006, and should have been on the schedule for dental care the next day. Plaintiff was not scheduled for care, but notified a guard, who took him to the infirmary anyway on April 18, 2006. Plaintiff was met at the infirmary by Austin. At the time, the dentist was busy with other patients. Austin stood a few feet away from Plaintiff as he tried to explain his problem. After Plaintiff described the problem, Austin called to the dentist, who was in another room, and relayed what Plaintiff had told her, but said that she saw noting wrong with Plaintiff. The dentist called back to give Plaintiff some aspirin or ibuprofen, and told Austin to have Plaintiff put in a sick call request. When Plaintiff tried to explain that he could not tolerate aspirin or ibuprofen, he was offered Tylenol, at which point Plaintiff began stressing that he needed immediate care. Plaintiff was required to leave the infirmary at that point and there was no evidence introduced that Plaintiff submitted another sick call request, as instructed,

---

[1]Plaintiff also made an allegation that he may have paid a $3.00 medical cop-pay that he was not required to pay. Any claim for the return of his money should be presented to the Arkansas Claims Commission. *See* Ark. Code Ann.§ 19-10-204; *Hudson v. Palmer*, 468 U.S. 517, 530-537 (1984) (when state actor deprives individual of personal property, individual does not have a § 1983 claim if state law provides adequate post-deprivation remedy).

3

or returned to the infirmary for approximately a week.

Plaintiff's tooth was not treated until April 26, 2006, when he saw another dentist. Because of the infection, the dentist was unable to pull the tooth, and put Plaintiff on antibiotics. On May 3, 2006, the tooth was pulled, along with one other.

5.      The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

6.      Plaintiff began treatment for his tooth about a week after he was first seen at the infirmary. To establish a claim for delayed medical care, Plaintiff must provide medical evidence verifying the detrimental effect of the delay. *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997). At the hearing, Plaintiff did not identify any dentist or medical professional who told him that the eight days from the time he was initially seen until he began the antibiotics detrimentally impacted upon his eventual treatment and recovery. Moreover, Plaintiff introduced no facts to indicate that

any Defendant actually caused a delay. It is undisputed that none of the Defendants examined him on April 18 and chose to delay his treatment. He went to the infirmary and sought treatment from the medical staff that was engaged in conducting sick call. Rather than interrupting the sick call schedule, Plaintiff was given medication for pain and told to return after submitting the appropriate sick call request. Plaintiff chose instead to return after a week. There is no evidence from which a fact finder could conclude that Defendants were aware that Plaintiff had a serious medical need and denied him timely treatment. Accordingly, Plaintiff failed to introduce sufficient evidence to create a fact issue to be submitted to a jury with respect to his dental care.

7.   Plaintiff's vision problems began when his right eye began to "bleed" internally on March 6, 2007. Plaintiff submitted a sick call request to be seen in the infirmary the next morning. Plaintiff was not scheduled to be seen the next day, but told a guard of his problems, and was taken to the infirmary. Plaintiff was met by Weast, who was rude, but allowed him to see Boardman, who did a cursory external examination with nurse Austin watching. Neither Weast nor Boardman understood at that time that Plaintiff had a serious medical condition regarding his eye. Boardman sent Plaintiff back to work, and said he would see the doctor in a few days.

Plaintiff returned to his barracks and began calling his family for help. Plaintiff's two sisters began calling prison officials, and the next day, the warden ordered Plaintiff to the infirmary, where he was seen by Austin and Blackmon. After the examination, Blackmon sent Plaintiff to the Jones eye clinic, where he was told he had a detached retina, and underwent laser surgery that night.

After the surgery, Plaintiff was told to keep the eye elevated. Although Plaintiff was not provided with an elevated bed or extra pillows when he returned to prison, he could have used other bedding items to provide for elevation. Plaintiff received subsequent treatment for his eye, and

Plaintiff introduced no evidence to suggest that the time which elapsed from the time he was initially seen by Weast and Boardman on March 7, 2007, to the time he underwent surgery on March 8, 2007, had any detrimental impact on his prognosis. Therefore, Plaintiff has failed to introduce sufficient facts to create a fact issue to be submitted to a jury with respect to his claims regarding his eye condition.[2]

IT IS THEREFORE RECOMMENDED THAT:

1.   Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2.   The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   12   day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants should be aware that if Plaintiff had suffered a detrimental impact because of delayed medical care, such a claim would have presented a closer question.